# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Musharaf Khan, | No. CV-26-03219-PHX-KML (JFM) |
| Petitioner, | **ORDER** |
| v. | |
| Luis Rosa, Jr., et al., | |
| Respondents. | |

In April 2026, petitioner Musharaf Khan filed a petition for a writ of habeas corpus. (Doc. 1.) He amended the petition in May 2026, asserting that he was released after winning asylum "on or about 2024" but "re-detained" in February 2026 "without a warrant, hearing, notice or explanation." (Doc. 5 at 7.) Based on those facts, Khan claims violations of the Fifth Amendment due process clause and the Administrative Procedure Act based on respondents failing to follow appropriate procedures when revoking his release order.[1] (Doc. 5 at 7-8.) He requests immediate release. (Doc. 5 at 8.)

The court ordered the government to show cause and it responded to the amended petition. (Doc. 10.) The response explains, and provides evidence supporting, that Khan is a lawful permanent resident but was placed in removal proceedings after being convicted of Aggravated Assault on an Officer in 2020.[2] (Docs. 10 at 1; 10-1 at 3.) Khan was released from immigration custody on his own recognizance in an order that required him not to

---

[1] Khan also challenged his conditions of confinement but the court dismissed that claim as not cognizable in a habeas petition. (Doc. 6 at 2.)

[2] Despite being in ongoing immigration proceedings, Khan's lawful permanent residence was apparently extended effective July 9, 2025. (Doc. 10-1 at 4, 11.)

"violate any local, State, or Federal laws or ordinances" and not to "commit any crimes while on [that] Order of Release on Recognizance." (Doc. 10-2 at 2, 4.) After Khan was arrested by local authorities in February 2026 for two counts of sexual assault, immigration officers took him into custody pending his immigration hearing. (Doc. 10-1 at 3, 11.) Respondents argue Khan's commission of sexual assault is a "material change in circumstances" permitting re-detention, by committing sexual assault Khan violated the terms of his conditional release, and he is subject to mandatory detention under the Laken Riley Act because of his prior conviction for Aggravated Assault on an Officer. (Doc. 10 at 2-3.) Khan has not replied.

Khan has not met his burden of showing he is entitled to a writ of habeas corpus. *See Lambert v. Blodgett*, 393 F.3d 943, 969 n.16 (9th Cir. 2004) ("In . . . federal habeas proceedings, it is the petitioner who bears the burden of proving his case."). Respondents provided reasons, supported by evidence, justifying Khan's re-detention and continued custody. Those reasons rebut the claims Khan made in his amended petition but Khan failed to provide anything in reply. Accordingly, the amended petition for a writ of habeas corpus is **DENIED**.

**IT IS ORDERED** the amended petition for writ of habeas corpus (Doc. 5) is **DENIED**. The Clerk of Court shall enter judgment in favor of respondents and close this case.

Dated this 23rd day of July, 2026.

_____
**Honorable Krissa M. Lanham**
**United States District Judge**

- 2 -